UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDY E. FLORENCE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:13-cv-01025-TAB-TWP ) |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I. Introduction**

Pending before the Court is Plaintiff Brandy Florence's appeal of the Administrative Law Judge's denial of her application for supplemental security income. Her alleged impairments include lupus, obesity, and asthma. Florence's appeal raises four issues: (1) whether the ALJ erred in finding Florence not disabled under listing 14.02; (2) whether the ALJ erred in failing to summon a medical advisor; (3) whether the ALJ erred in his credibility determination; and (4) whether the ALJ erred in finding Florence capable of performing work in the national economy. For the reasons set forth below, Florence's brief in support of appeal [Filing No. 24] is granted and the ALJ's decision is reversed and remanded.

**III. Discussion**

*A. Standard of Review*

The Social Security regulations provide a five-step sequential inquiry to determine whether a plaintiff is disabled: whether the plaintiff (1) is currently unemployed, (2) has a severe impairment, (3) has an impairment that meets or equals one of the impairments listed as

disabling in the Commissioner's regulations, (4) is unable to perform her past relevant work, and (5) is unable to perform any other work in the national economy. 20 C.F.R. § 404.1520; *Simila v. Astrue*, 573 F.3d 503, 512–13 (7th Cir. 2009). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (quoting *Zalewski v. Heckler*, 760 F.2d 160, 162 n. 2 (7th Cir. 1985)). "A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Id*.

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Pepper v. Colvin*, 712 F.3d 351, 361–62 (7th Cir. 2013). "Although a mere scintilla of proof will not suffice to uphold an ALJ's findings, the substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014). However, the ALJ need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Pepper*, 712 F.3d at 362.

B. *Disability finding*

Florence claims that the ALJ erred at step three in finding that her lupus impairment did not meet or medically equal listing 14.02. Florence argues that the ALJ's decision never mentioned her chronic vaginitis and largely ignored her musculoskeletal problems. [Filing No.

24, at ECF p. 16.] The Commissioner asserts that Florence did not prove that her impairments met the requirements of listing 14.02. [Filing No. 25, at ECF p. 5-6.]

At step three, the ALJ identified the specific listing for lupus, stated its elements, and concluded that the medical evidence did not document the impairment. [Filing No. 13-2, at ECF p. 17.] However in making this finding, he did not discuss any of Florence's treatments for chronic vaginitis, which Florence argues would be a body organ affected by systemic lupus erythematosus under listing 14.02.[1] Medical evidence reveals that Florence visited her primary physician Dr. Chrystal Anderson several times due to vaginal discharge. [Filing No. 13-8, at ECF p. 4; Filing No. 13-10, at ECF p. 42; Filing No. 13-11, at ECF p. 8, 11-13, 15, 22-23.] Similarly, Florence had several gynecological tests reporting the possible presence of bacterial vaginosis. [Filing No. 13-8, at ECF p. 95; Filing No. 13-10, at ECF p. 8, 36.] Not only did the ALJ fail to discuss evidence of Florence's chronic and painful vaginitis, but he also failed to even mention its existence in the record. This was in error as her vaginitis is a reoccurring condition that Florence argues supports a disability finding.

Moreover, the ALJ failed to discuss the reports from Florence's treating physician, Dr. Anderson, as they relate to Florence's lupus. The ALJ makes only two references to Dr. Anderson's opinion, neither of which discussed much of significance as it relates to Florence's claimed disabilities. The ALJ's first mention of Dr. Anderson noted that, "Chrystal Anderson, M.D., documented on September 20, 2011, that the claimant's weight was 247 pounds and her

---

[1] Under listing 14.02, a claimant must show systemic lupus erythematosus and must establish either: (a) an SLE diagnosis in two or more organs or body systems, with one of the organs or body systems having at least a moderate degree of severity, and at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss); or (b) repeated manifestations of SLE, at least two of the constitutional symptoms or signs, and one of the following limitations at the marked level: limitation of activities of daily living; limitation in maintaining social functioning; or limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.02.

3

height was 5 feet and 7.5 inches with a body mass index of 48.23/kg/m2." [Filing No. 13-2, at ECF p. 17.] The ALJ's second reference to Dr. Anderson indicated that "Dr. Anderson is her primary care physician, and she meets with her approximately two or three times a month. She detailed that one session usually lasts fifteen to twenty minutes with her." [Filing No. 13-2, at ECF p. 20.] Dr. Anderson frequently examined Florence noting pain and swelling due to lupus, vaginal discharge and odor, as well as asthma flare-ups. [*See e.g.,* Filing No. 13-11, at ECF p. 12, 15, 20-23, 25, 28; Filing No. 13-12, at ECF p. 5, 18, 20.] The ALJ makes no mention of Dr. Anderson's reports, despite the fact that these reports could support a finding of a musculoskeletal impairment and chronic vaginitis to satisfy listing 14.02's requirements.

The Commissioner argues that there is substantial evidence to support the ALJ's finding. The Commissioner's argument is not without merit. Consultative examiner Drs. Kelli Sorg and A. Shahem Kawji reported no abnormal findings on examination. [Filing No. 13-8, at ECF p. 59-62; Filing No. 13-7, at ECF p. 45-47.] Similarly, Dr. David Batts was unable to find anything on examination that suggested active lupus and was uncertain that lupus was the cause of Florence's pain. [Filing No. 13-8, at ECF p. 32.] Agency doctors J. Sands and Mangala Hasanadka found Florence capable of sedentary work. [Filing No. 13-8, at ECF p. 69-76, 103.] However, the ALJ failed to discuss evidence, particularly Dr. Anderson's medical reports, that supports a disability finding. By ignoring Dr. Anderson's findings, the ALJ cherry-picked facts that supported his conclusion that Florence was not disabled while overlooking evidence that discussed, among other medical issues, Florence's chronic vaginitis and musculoskeletal problems. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding

4

of non-disability while ignoring evidence that points to a disability finding."). This was in error and remand is appropriate on this issue.

  C. *Failure to summon a medical advisor*

Florence also argues that the ALJ should have summoned a medical advisor to testify as to whether Florence met the requirements of a listed impairment. According to Florence, the ALJ erroneously relied on state agency physician opinions that did not consider all of the medical evidence in the record. Instead, the ALJ based his step three findings on his own layperson opinion. [Filing No. 24, at ECF p. 20.]

The decision on whether to summon a medical advisor is discretionary. An ALJ is only required to summon a medical advisor if it is necessary to provide an informed basis for determining whether the claimant is disabled. *Clifford v. Apfel*, 227 F.3d 863, 873 (7th Cir. 2000). Here, the ALJ relied on two agency physicians' residual functioning reports to determine whether Florence met or equaled a listing. However, both reports were completed in 2010. [Filing No. 13-8, at ECF p. 69-77; Filing No. 13-8, at ECF p. 103.] They do not account for any of Florence's medical evidence subsequent to October 1, 2010, which includes evidence from Dr. Batt, Dr. Anderson, and Methodist Hospital.

The Commissioner asserts that the state agency physicians considered "most of the evidence of the record" and thus the ALJ did not err in relying on these opinions in lieu of a medical advisor. [Filing No. 25, at ECF p. 6.] However, the standard is not whether the ALJ considered "most of the evidence." The ALJ must consider all relevant medical evidence and cannot disregard relevant medical evidence contrary to his conclusion in determining whether to summon a medical advisor. *See Clifford*, 227 F.3d at 873; *Denton v. Astrue,* 596 F.3d 419, 425

5

(7th Cir. 2010). On remand, the ALJ will have another opportunity to consider the relevant medical evidence and to decide whether a medical advisor's opinion would be necessary.

      D.     *Credibility determination*

Similarly, Florence claims that the ALJ's credibility determination was erroneous because it contradicts Social Security Ruling 96-7p. Specifically, Florence alleges that the ALJ arbitrarily rejected her statements and those of her grandmother, Marilyn Florence. [Filing No. 24, at ECF p. 23.] The Commissioner responds that the ALJ's credibility assessment was supported by substantial evidence and was not patently wrong. [Filing No. 25, at ECF p. 7-8.]

In making his credibility determination, the ALJ dismissed Florence and Marilyn's statements using boilerplate language. He found their statements to be only partially credible because they were unsupported by objective medical evidence. The ALJ erred in dismissing Florence and Marilyn's statements in such a way, but the ALJ's credibility determination did not end there. He also discussed objective medical evidence and Florence's daily living activities in making a credibility determination. *See Filus v. Astrue*, 694 F.3d 863, 868 (7th Cir. 2012) ("If the ALJ has otherwise explained his conclusion adequately, the inclusion of [boilerplate] language is harmless."). The ALJ found that Florence's description of being fairly limited in her daily activities contradicted Florence's testimony that she was able to cook, clean, shop, drive, and regularly attend church. [Filing No. 13-2, at ECF p. 50-52.] The ALJ also noted that Florence raised multiple children, which "can be quite demanding both physically and emotionally." [Filing No. 13-2, at ECF p. 23.]

Moreover, the ALJ relied on two agency physicians' RFC reports that found Florence had normal posture and gait, the ability to walk on heels and toes, could squat and stand up from a squatted position even though she complained of pain in her hips. The physicians also reported

6

no signs of inflammation or effusion of any joints. [Filing No. 13-2, at ECF p. 21; Filing No. 13-8, at ECF p. 61; Filing No. 13-7, at ECF p. 45.] While the ALJ discussed some objective medical findings in making his credibility determination, he disregarded objective medical evidence from Florence's treating physician Dr. Anderson and medical evidence that supported a disability finding. Though not patently wrong, the ALJ can revisit Florence's credibility on remand after taking into account all the relevant medical evidence.

      E.      *Jobs in the national economy*

Florence claims that the ALJ erred in finding that she could perform work as a general office clerk, reception and information clerk, interviewer other than eligibility and loan, and a bookkeeping and audit clerk. Florence argues that the ALJ and vocational expert relied on a flawed RFC determination that did not properly consider her impaired immune system resulting in chronic, painful vaginitis and her chronic musculoskeletal dysfunction. [Filing No. 24, at ECF p. 25.] The Commissioner argues that substantial evidence supports the ALJ's RFC determination. According to the Commissioner, the ALJ's determination was supported by the opinions of two reviewing state agency physicians and by Florence's treating rheumatologist Dr. Batt. [Filing No. 25, at ECF p. 7.] However, the Commissioner's argument does not overcome the ALJ's failure to discuss relevant medical evidence.

The ALJ found that Florence could perform sedentary work as she could stand and/or walk for up to two hours and could sit for up to a total of six hours in an eight-hour workday. The ALJ found that Florence could occasionally climb ramps and stairs. She also could balance, stoop, kneel, crouch, and crawl, but was not able to climb ladders, ropes, or scaffolds. The ALJ's RFC determination limited Florence from work that would expose her to weather or temperature extremes; regarding respiratory irritants, and she could work in situations up to but

7

excluding concentrated exposure. The ALJ determined that Florence was capable of performing productive work tasks for the majority of an eight-hour workday. [Filing No. 13-2, at ECF p. 18.]

The ALJ erred in making his RFC determination because he did not consider any reports from Dr. Anderson relating to Florence's medical impairments and did not discuss Florence's chronic vaginitis. By failing to consider relevant medical evidence from Dr. Anderson, the ALJ's RFC finding did not provide an accurate reflection of Florence's capabilities and was flawed. As a result, the ALJ's hypothetical questions to the vocational expert were based off a faulty RFC determination. Thus, the VE's conclusion that Florence could perform certain jobs in the national economy did not take into account Florence's actual limitations and was erroneous. On remand the ALJ must discuss the relevant medical evidence to accurately reflect Florence's limitations in his RFC finding.

### III. Conclusion

For these reasons, Plaintiff's brief in support of appeal [Filing No. 24] is granted and this case is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. On remand the ALJ must consider Dr. Anderson's findings along with the remainder of the relevant medical evidence. The ALJ also will have an opportunity to revisit the need to summon a medical advisor, Florence's credibility, and the RFC determination.

Date: 9/5/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov